IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Patricia L. Greenway, ) | |
| ) | C/A No. 6:04-cv-1517-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Origen Financial, Inc. f/d/b/a/ Dynex ) | |
| Financial, Inc.; Jeffrey L. Silver, Esquire; ) | |
| Ivan J. Toney, Esquire; The Housing Board; ) | **O R D E R** |
| Mike Anderson; and Phillip D. Maynard, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff Patricia Greenway, appearing *pro se*, brings this action alleging that Defendants Origen Financial, Inc., *et al.* breached a contract, breached various warranties, and committed fraud and malpractice.[1]

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and filed a Report and Recommendation on June 16, 2004, in which he recommended the within matter be dismissed without prejudice for lack of subject matter jurisdiction. The Magistrate Judge found that the court could not exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are residents of South

---

[1] This is Plaintiff's second action based on the same underlying facts. See Greenway v. Origen Financial, Inc. et al., C/A No. 6:02-cv-1617-MBS. By written order, this court dismissed that cause of action without prejudice. See id. (Document #9).

Carolina. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978) (limiting the diversity jurisdiction of federal courts to cases with complete diversity, where no plaintiffs are citizens of the same state as any defendants). In addition, the Magistrate Judge found that the court could not exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331 because even construing Plaintiff's complaint liberally, she did not show that the case arises under constitutional or federal law. Moreover, the Magistrate Judge pointed out that even if the court had jurisdiction, the case should be summarily dismissed because Plaintiff is improperly attempting to have this court review proceedings before the Court of Common Pleas for Greenville County in connection with Plaintiff's property. Plaintiff filed an objection to the Report and Recommendation on June 29, 2004 ("Plaintiff's Objections").

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In her objections to the Report and Recommendation, Plaintiff states that "Phillip D. Maynard failed to furnish notification of a defect as required by 42 U.S.C. 5414; 42 U.S.C. 5415" and various state law and criminal statutes. Plaintiff's Objections at 2 (errors in original). The federal statutes cited by Plaintiff are part of the National Manufactured Housing Construction and Safety Standards Act ("the Act"). See 42 U.S.C. §§ 5401-5500. The Act requires manufacturers of

manufactured homes to notify buyers of defects in the home "which [constitute] an imminent safety hazard to the purchaser." 42 U.S.C. § 5414(a). Plaintiff asserts that Defendants failed to notify her of a defect in her home. See Plaintiff's Objections at 2. However, there is no implied cause of action for private purchasers under the Act. See Richard v. Fleetwood Enterprises, Inc., 4 F.Supp.2d 650, 654-56 (E.D. Texas 1998). Therefore Plaintiff cannot recover under the Act.

Plaintiff also makes various allegations of legal malpractice against her state court attorney, Ivan J. Toney, in her objections to the Report and Recommendation. Legal malpractice claims are matters of state law and do not raise federal issues significant enough to create subject matter jurisdiction in the federal courts when the federal statute at issue does not provide a cause of action for malpractice against legal counsel. See Custer v. Sweeney, 89 F.3d 1156, 1168 (4th Cir. 1996) (quoting Merrill Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986)). In the case at bar, the Act does not create a cause of action for malpractice against legal counsel. Therefore, this court does not have subject matter jurisdiction over Plaintiff's claims of malpractice.

Accordingly, the court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The within action is dismissed *without prejudice*.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 13, 2005
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3